MASSEY *et al.*, executors of MASSEY, *v.* LEAMING. (*a*)

### Legacy to a debtor.

Testatrix had, for some time before her death, been in a low state of health; the defendant had taken charge of her affairs, and had some accounts against her, but had borrowed 150*l.* from her, for which he had given a bond; the will contained a bequest of 200*l.* to him, "provided he brings no account against me and my estate. *Quære?* Whether the legacy is a release of the bond ?(*b*)

DEBT. Plea, payment, with leave to give the will of testatrix in evidence. The case was simply this : Mrs. Massey, the testatrix, was in a low state of health, for some time before her death ; the defendant took the charge of her affairs, and had some accounts against her ; but he borrowed 150*l.* from her, for which he gave a bond, payable in one year, with interest. On the 5th of June 1784, she made her will, which was proved on the 21st of June, containing, among other things, this bequest : "I give to T. Leaming, in consideration of his many services to me, 200*l.* in real specie ; provided, he brings no account against me and my estate ; and if he happen to bring any account against me, or my estate, then this bequest to be void ;" with a devise over of the testatrix's estate. The legacy was paid to T. Leaming ; the present action was brought upon his bond ; and the question of law arose, whether the bequest operated as a release ?

The plaintiff's counsel suggested, that they were ready to prove, that there was a deficiency of assets to pay debts. Upon this suggestion, it was agreed, that a verdict be given for the plaintiff, subject to the opinion of the court, whether the bequest was an extinguishment of the debt ? If it was so considered, then the plaintiff shall be at liberty to prove a deficiency of assets, for the payment of debts.

After depending for a great period on the docket, the suit was, finally, marked " not to be brought forward."

*Tilghman* and *Levy,* for the plaintiff.    *Sergeant,* for the defendant.

---

(*a*) Tried at *nisi prius,* Philadelphia county, in May 1792.

(*b*) "There can be no pretence to say, because the testator gave a legacy of 500*l.* to the defendant Wood, therefore this was an argument, or evidence, that the testator intended to remit the former debt ; but if a man gives a legacy to his creditor to the amount of the debt, this has been construed a payment or satisfaction of the debt." Jeffs *v.* Wood, 2 P. Wms. 132.[1]

[1] A legacy to a debtor is not, *per se,* a discharge of the debt ; but it may be shown to have been so intended, by extrinsic proof. Zeigler *v.* Eckert, 6 Penn. St. 13 ; Strong *v.* Bass, 35 Id. 333. And see Richets *v.* Livingston, 2 Johns. Cas. 97 ; Smith *v.* Kearney, 2 Barb. Ch. 533 ; Stagg *v.* Beekman, 2 Edw. Ch. 89 ; Clark *v.* Bogardus, Id. 387 ; Negley's Estate, 25 Pitts. L. J. 99.